IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) COURTNEY SKIPPER-REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CV-00224-GKF-SH |
| ) | |
| (1) TULSA COMMUNITY COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Tulsa Community College ("Defendant" or "TCC"), respectfully submits its Reply in Support of its Motion to Dismiss [Doc. No. 14] (Defendant's "Motion"). In support of its Motion, TCC states as follows:

### INTRODUCTION

As an initial matter, Plaintiff has failed to respond to multiple issues contained in Defendant's Motion. For example, Plaintiff did not address—and therefore has conceded—Defendant's arguments for the dismissal, with prejudice, of her claims under 42 U.S.C. § 1981 and for punitive damages under Title VII. *See Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (collecting cases). Notably, Plaintiff has also failed to explain the glaring disparity between her counsel's declaration [Doc. No. 12-1] and the evidence submitted by TCC in its Motion.

While Plaintiff's Response to the Court's Show Cause Order [Doc. No. 12] attempted to shift the blame for her improper service of process onto TCC based on her counsel's alleged phone call to TCC on August 19, 2021, TCC's investigation revealed significant evidence disputing that allegation. Indeed, TCC has no record of a call from Plaintiff's counsel's prior to August 30,

2021—a week after the expiration of the 90-day service window. The call that it received on that day made no mention of a previous attempt to identify the address for TCC's CEO; rather, it indicated Plaintiff's counsel attempted to determine the correct service address on the Internet. Instead of addressing this apparent contradiction, Plaintiff has shifted her focus to the fact that TCC possessed a log book at its Conference Center office located on Skelly Drive. Plaintiff does not support her arguments with any legal authority.

As TCC stated in its Motion, it is Plaintiff's duty to determine the proper service protocols for her lawsuit. These rules are not hidden or obscured; they are easily found in FED. R. CIV. P. 4, OKLA. STAT. tit. 12, § 2004, and OKLA. STAT. tit. 51, § 163. Further, there are multiple avenues for service—none of which were properly utilized by Plaintiff. Moreover, the fact that TCC has a log book for accepting documents does not estop it from denying improper service of process. The log book noted by Plaintiff in her Response [Doc. No. 17] was created by campus security—without the direction or knowledge of TCC's CEO—and maintained as a means of keeping track of _all_ forms of documents hand-delivered to the Conference Center located on Skelly Drive. It was not a designated "service of process" log book.

Critically, and contrary to Plaintiff's unsupported assertion that TCC's CEO maintained her primary office at the Skelly Drive location, Dr. Goodson actually offices at TCC's Metro Campus in downtown Tulsa, and has done so since March 2021. As such, it is entirely unreasonable to believe that handing the Amended Complaint and Summons to a security guard at the Conference Center would constitute personal service on TCC's CEO. That TCC maintained a log book—designed and implemented by campus security without the knowledge or consent of TCC's executive management—at its Conference Center location does not mean that TCC has waived its right to proper service of process.

For the reasons below, together with Plaintiff's failure to address significant portions of TCC's Motion and failure to cite a single piece of legal authority in her Response, TCC respectfully requests the Court grant its Motion.

## ARGUMENT AND AUTHORITY

For good reason, Plaintiff has abandoned any argument that her service of process was sufficient under Oklahoma law. Indeed, the hand-delivery service attempt by Plaintiff's counsel, who is not a licensed process server, on a security guard at TCC's Conference Center on Skelly Drive is plainly deficient under Oklahoma's service of process statutes. Moreover, Plaintiff's reliance on Federal law does not rescue her failed service attempt.

As noted in TCC's Motion, service on a governmental entity under the Federal Rules may be accomplished either by compliance with state law[1] or by delivering a copy of the summons and complaint on the entity's chief executive officer. *See* FED.R.CIV.P. 4(j)(2). It is firmly established that "delivering a copy" means personal service on the individual. *See Riddle v. Wichita Pub. Sch., Unified, Sch. Dist. No. 259*, No. CIV.A.04-1400-MBL, 2005 WL 1563444, at *1 (D. Kan. June 30, 2005) ("'Delivering' means personal service, and does not authorize service by mail.") (citing *Punchard v. State of New Mexico*, 1995 WL 638201, *1 (10th Cir. Oct.31, 1995)). *See also* § 1109 Service on States, Municipal Corporations, and Other Governmental Organizations—In General, 4B Fed. Prac. & Proc. Civ. § 1109 (4th ed.) ("the word 'delivering' in Rule 4(j) indicates that personal service should be made upon that particular individual.").

In conformance with the accepted definition of "delivering a copy," District Courts have found service on other government officials and employees to be insufficient. *See e.g. White v. San Bernardino Cty. Superintendent of Sch.*, 2020 WL 2303100, at *3 (C.D. Cal. Jan. 21, 2020)

---

[1] It is undisputed that Plaintiff did not satisfy this test.

(serving various assistants and employees "working for the enumerated 'head of the governing body' at each respective office" was insufficient even if those individuals asserted authority to accept service); *Blogref v. Sedgwick Cty. Sheriff Dep't*, 2019 WL 2174058, at *1 (D. Kan. May 20, 2019) (service on the defendant's legal advisor was insufficient); *Allison v. Utah Cty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004) (attempted service on secretary of a Utah County Commissioner was invalid); *Wright v. City of Las Vegas, Nevada*, 395 F. Supp. 2d 789, 793–94 (S.D. Iowa 2005) (personal service on city attorney was not sufficient). Service on a security guard at a TCC facility—at which TCC's Chief Executive Officer does not even maintain her primary office—does not meet the standard courts have established for compliance with Rule 4(j)(2)(A).

Moving away from her unsupported argument that TCC, on the phone, directed her to serve process on TCC's Chief Executive Officer at the "Skelly Drive" location, Plaintiff now alleges it is inequitable for TCC to have a log book and employ a security guard who physically took the Summons and Amended Complaint on one hand and deny proper service on the other. Plaintiff states: "This is not a case of a security guard or secretary who refuses to accept service or states he does not have authority to accept service. This is also not a case of a security guard overreaching . . ." *See* Resp. [Doc. No. 17], p. 3. However, this is also not a case of a process server[2] asking for TCC's CEO and being directed to provide the Summons and Amended Complaint to a security guard. Indeed, Steve Howard, the security guard who received the Summons and Amended Complaint, has sworn that the process server[3] did not request those documents be provided to TCC's Chief Executive Officer, Dr. Leigh Goodson.[4] *See* Ex. 2 to TCC's Motion.

---

[2] Plaintiff's counsel, in this instance.
[3] Again, Plaintiff's counsel, in this instance.
[4] Plaintiff repeatedly refers to a "President Goodman." For the purposes of this Reply, TCC will presume she is referring to Dr. Goodson.

All of the evidence on this matter—including Plaintiff's counsel's phone conversation with TCC on August 30, 2021—demonstrates that Plaintiff believed service could be accomplished simply by delivering a copy of the Summons and Amended Complaint to the location listed on the "Oklahoma State business entity search."[5] That Plaintiff's counsel typed "Tulsa Community College" into the Oklahoma Secretary of State website and delivered a copy of the Summons and Amended Complaint to the address that populated is not a reason to declare TCC is not entitled to full protections of Rule 4. There was no deception by TCC, only a critical misunderstanding of the relevant service rules by Plaintiff.

Plaintiff focuses on the presence of a log book at TCC's Conference Center on Skelly Drive. According to her Response, TCC should be estopped from denying proper service when it employs a log book at its Conference Center location. Plaintiff ignores that the log book was not kept exclusively for service of process. In fact, the log book—which was created and maintained by TCC's campus security without direction or knowledge of TCC's CEO—was maintained for the purpose of keeping track of any document that was delivered to the Conference Center location. *See* Ex. 5, Howard Second Affidavit.[6] Maintaining a log for documents is the not the same as waiving the requirements of proper service.

Moreover, Dr. Goodson, TCC's Chief Executive Officer, does not office at the Conference Center. *See* Ex. 6, Goodson Second Affidavit.[7] She has had her primary office at TCC's Metro Campus in downtown Tulsa since March 2021. *See id*. This is a fact Plaintiff's process

---

[5] Presumably, Plaintiff's counsel was referring to the Oklahoma Secretary of State website, which lists the registered agent for "Tulsa Community College Foundation" as Dr. Goodson with an address of 6111 E. Skelly Dr.
[6] Ex. 5 is submitted in support of, and should only be considered with, Defendant's Motion pursuant to FED.R.CIV.P. 12(b)(5). No evidence has been attached in support of Defendant's Motion pursuant to FED.R.CIV.P. 12(b)(6).
[7] Ex. 6 is submitted in support of, and should only be considered with, Defendant's Motion pursuant to FED.R.CIV.P. 12(b)(5). No evidence has been attached in support of Defendant's Motion pursuant to FED.R.CIV.P. 12(b)(6).

server/counsel likely would have been alerted to if he had asked that the Summons and Amended Complaint be delivered to TCC's CEO. Dr. Goodson did not authorize the security guards at TCC's Conference Center to accept service on her behalf, nor was she aware that the security guards at that location had created a log book to keep track of documents delivered to that location. *See* Ex. 1 to Def.'s Motion; Ex. 6, Goodson Second Affidavit.[8] Put simply, Dr. Goodson had no affiliation with the process employed by campus security at the Conference Center location.

There is nothing surreptitious or inequitable with regard to the Conference Center log book. It was instituted by campus security to better memorialize the submission of documents at that location. It was not a log book dedicated to service of process, nor was it authorized or designed by TCC's Chief Executive Officer—whose primary office is not even located at that location. Plaintiff's attempted service was not stymied by TCC; rather, Plaintiff waited until the last day permissible under Rule 4(m) and failed to exercise reasonable diligence in determining the proper method of service.

## CONCLUSION

For the foregoing reasons, TCC respectfully requests the Court grant its Motion and dismiss all of Plaintiff's claims for failure to effect proper service. In the alternative, TCC respectfully requests the Court dismiss, with prejudice, Plaintiff's claims arising under Section 1981 and Plaintiff's claims for punitive damages arising under Title VII.

---

[8] Ex. 6 is submitted in support of, and should only be considered with, Defendant's Motion pursuant to FED.R.CIV.P. 12(b)(5). No evidence has been attached in support of Defendant's Motion pursuant to FED.R.CIV.P. 12(b)(6).

Respectfully submitted,

By: */s/ W. Kirk Turner*
    W. Kirk Turner, OBA #13791
    Harrison M. Kosmider, OBA #32036
    McAfee & Taft, A Professional Corporation
    Two West Second Street, Suite 1100
    Tulsa, Oklahoma 74103
    (918) 587-0000
    (918) 599-9317 (facsimile)
    kirk.turner@mcafeetaft.com
    harrison.kosmider@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT,
TULSA COMMUNITY COLLEGE**

## CERTIFICATE OF SERVICE

☑  I hereby certify that on   October 29, 2021   , I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Thomas Landrum, Esq.

☑  I hereby certify that on    October 29, 2021   , I served the foregoing document by mail on the following, who are not registered participants of the ECF System:

Jeffrey D. Jones, *Esq*.
**THE JONES LAW FIRM**
523 East Pine Place
Tulsa, OK 74106-4301

                                                */s/ W. Kirk Turner*
                                                W. Kirk Turner