IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. COURTNEY SKIPPER-REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 21-CV-00224-GKF-SH |
| ) | |
| TULSA COMMUNITY COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the court *sua sponte*. Plaintiff Courtney Skipper-Reynolds filed the Complaint in this case on May 25, 2021, and then filed the Amended Complaint on August 11, 2021. Dr. Skipper-Reynolds did not timely file a return of service within ninety (90) days pursuant to Federal Rule of Civil Procedure 4(m). Thus, on August 25, 2021, the court directed Dr. Skipper-Reynolds to file a return of service showing TCC was properly served or show good cause for her failure to serve defendant by September 8, 2021. [Doc. 6].

On August 26, 2021, plaintiff filed an executed Proof of Service. [Doc. 7]. That same day, this court issued its Second Order to Show Cause because service appeared improper based on the description in the Proof of Service. The Second Order to Show Cause directed plaintiff, by September 9, 2021, to demonstrate proper service or show good cause for her failure to serve defendant. [Doc. 8]. On September 9, 2021, Dr. Skipper-Reynolds filed her Response to Order to Show Cause. [Doc. 12].

The same day Dr. Skipper-Reynolds filed her Response to the Order to Show Cause, the parties filed a Joint Motion for Extension of Time to Respond to the Amended Complaint, which this court granted. [Doc. 13]. The court instructed TCC that it may challenge the sufficiency of

Dr. Skipper-Reynolds' service of process by a Rule 12(b)(5) motion to dismiss and directed TCC to respond to the Amended Complaint on or before September 24, 2021. [*Id.*].

TCC timely filed a motion to dismiss for, among other things, insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). [Doc. 14]. On April 22, 2022, the court entered an Order holding that Dr. Skipper-Reynolds had not properly served TCC. However, the court concluded that a permissive extension of time to serve was warranted and held the remainder of the motion in abeyance. [Doc. 19].

On May 6, 2022, plaintiff's counsel filed the Proof of Service of Summons and Amended Complaint, wherein counsel averred that defendant had been served by priority mail and overnight priority mail. [Doc. 20]. However, counsel failed to attach any evidence that service was delivered and/or accepted. Thus, by May 13, 2022, the court directed plaintiff's counsel to file signed return receipts demonstrating that the USPS priority mailing and overnight priority mailings referenced in the Proof of Service were received and by whom. [Doc. 21]. Counsel for Dr. Skipper-Reynolds filed the return receipts. [Doc. 22].

In an Order dated June 2, 2022, the court concluded that, having reviewed the Proof of Service of Summons and Amended Complaint, Dr. Skipper-Reynolds had failed to properly serve TCC for a second time. [Doc. 25]. However, the court granted plaintiff a final permissive extension to perfect service. The court directed that, on or before June 16, 2022, Dr. Skipper-Reynolds must perfect service on TCC and file proof of such service with the court. The court advised that, if Dr. Skipper-Reynolds failed to perfect service and file proof with this court, the court would dismiss plaintiff's claim against TCC without prejudice. [*Id.* at p. 5].

To date, Dr. Skipper-Reynolds has not filed a return of service showing defendant Tulsa Community College was properly served.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action for failure to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b).[1] This is because "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007). Dr. Skipper-Reynolds has failed to comply with this court's four prior Orders (dated August 25, 2021, August 26, 2021, April 22, 2022, and June 2, 2022, respectively). Accordingly, the court will dismiss this case without prejudice pursuant to Rule 41(b).

WHEREFORE, plaintiff Dr. Courtney Skipper-Reynolds's claims in this matter are dismissed without prejudice, and the Court Clerk is directed to terminate this matter.

IT IS SO ORDERED this 17th day of June, 2022.

*[Signature]*
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[1] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).